UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROSSANA PILAR PODESTA BENGOA,

                  Petitioner,

v.

KEVIN RAYCRAFT et al.,

                  Respondents.

_____/

Case No. 1:26-cv-1833

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20.)

In an order entered on June 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the May

22, 2026, bond hearing on June 22, 2026. (Resp., ECF No. 7; Recording of May 22, 2026, Bond

Hearing, filed on Jun. 22, 2026.) Petitioner filed her reply on June 24, 2026. (ECF No. 8.)

## II.      Relevant Factual Background

Petitioner is a citizen of Peru who was paroled into the United States on May 5, 2022. (Pet.,

ECF No. 1, PageID.7.) On or about October 2, 2025, Petitioner was arrested by ICE agents. (*Id.*)

On April 20, 2026, Petitioner filed a § 2241 petition challenging her initial detention

without a bond hearing in *Podosta Bengoa v. Kevin Raycraft* (*Podosta Bengoa I*), No. 1:26-cv-

1316 (W.D. Mich 2026). In *Podosta Bengoa I*, the Court conditionally granted Petitioner's petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of

the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from

custody. Op. & Jud., *Podosta Bengoa I*, (W.D. Mich. May 18, 2026), (ECF Nos. 10, 11).

On May 22, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order,

ECF No. 1-3, PageID.31.) At the conclusion of that hearing, in a written order, the Immigration

Judge denied Petitioner's request for bond, stating: "Flight risk. Removal Order pending appeal

and recent entry." (*Id.*)

## III.     Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit

Immigration Court on May 22, 2026. The Detroit Immigration Court denied Petitioner's request

for a bond, concluding "Flight risk. Removal Order pending appeal and recent entry." (Bond

Order, ECF No. 1-3, PageID.31.) In her § 2241 petition, Petitioner challenges the findings of the

Detroit Immigration Court as related to the denial of her bond, arguing that her entry into the

United States "over four years ago" cannot be considered a "'recent' entry" and that she has family ties in the United States. (Pet., ECF No. 1, PageID.12–13.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the

proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that her detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's determinations in the bond decision. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. (Bond Order, ECF No. 1-3, PageID.31.) Therefore, Petitioner has not exhausted her administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   June 30, 2026                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge